```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA
```

CARRIE DONALINE NASH,            )
                                 )
            Plaintiff,           )
                                 )
v.                               )    Case No. CIV-14-162-RAW-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

**REPORT AND RECOMMENDATION**

Plaintiff Carrie Donaline Nash (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on May 4, 1977 and was 35 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as a customer service representative for cell phones and car rentals and a home health aide. Claimant alleges an inability to work beginning January 22, 2009 (modified to March 8, 2011) due to limitations resulting from rheumatoid

3

arthritis, fibromyalgia, depression, diabetes, and migraine headaches.

## Procedural History

On September 30, 2009, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application were denied by the agency but the denial was not appealed. On March 9, 2011, Claimant protectively filed a second application for supplemental security income. On September 11, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") John Belcher in Tulsa, Oklahoma. On November 16, 2012, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the decision on February 25, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform less than sedentary work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in failing to give specific and legitimate reasons for rejecting the medical opinions of Claimant's treating rheumatologist.

**Discussion of the Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of rheumatoid arthritis, fibromyalgia, obesity, and depression. (Tr. 11). The ALJ also found Claimant retained the RFC to perform less than sedentary work in that she could occasionally lift/carry or push/pull 10 pounds and frequently less than 10 pounds, stand/walk for two hours in an eight hour workday, and sit for six hours in an eight hour workday. The ALJ also found Claimant could occasionally climb stairs, balance, bend/stoop, kneel, crouch, and crawl. Claimant could never climb ladders, ropes, or scaffolds. She could do simple tasks and had superficial contact with co-workers and supervisors. The ALJ found Claimant could have no contact with the public. (Tr. 12). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of circuit board assembler, machine operator, and production assembler which he testified existed in sufficient numbers in the regional and national economies. (Tr. 16). Based upon this record, the ALJ determined Claimant was not disabled since March 23, 2011. Id.

Claimant contends the ALJ improperly rejected the opinions of her treating rheumatologist, Dr. Manuel Calvin. On August 27, 2012, Dr. Calvin authored a medical source statement on Claimant. He determined Claimant could occasionally and frequently lift/carry less than 10 pounds; stand/walk less than 30 minutes at one time and less than two hours in an eight hour workday; and sit for less than 30 minutes at one time and at least two hours, but less than six hours in an eight hour workday. (Tr. 737). Dr. Calvin wrote that on Claimant's bad days, which he estimated to occur about 50% of the time, Claimant would "take very long time to walk due to fatigue and pain." He also stated Claimant would not be able to work on a sustained and continuing basis because of the frequency of her bad days - even to do housework. He wrote that due to joint swelling, Claimant could not grip or grasp or use her hands. Dr. Calvin found that Claimant's medications could cause fatigue and impair her concentration. Claimant was also more prone to infectious diseases due to her immune system problems. He also found that, on average, Claimant would be absent from work three times or more per month. (Tr. 738).

The ALJ acknowledged Dr. Calvin's opinion. (Tr. 14). He found the "appraisal" of Dr. Ronald Schatzman, a consultative examiner, over Dr. Calvin's opinion, finding that "[t]he medical

reports do not lend credence to the sweeping limitations Dr. Calvin gives the claimant." (Tr. 15).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion

and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ did not engage in the Watkins analysis nor did he expressly state the weight he was giving to Dr. Calvin's opinion. It can be presumed that he did not give the opinion "controlling weight" since he preferred a consultative examiner's opinion over that of a treating physician. This Court should not be left with mere presumptions. The ALJ must set forth his analysis in order for this Court to evaluate whether substantial evidence supports it. Moreover, the ALJ did not identify the specific evidence of

8

record which discounted Dr. Calvin's opinion but simply made the broad and unsupported statement that the reports did not "lend credence" to the opinion. If any part of Dr. Calvin's report is entitled to weight, the effect upon Claimant's RFC could eliminate some of the jobs identified by the ALJ as available for her occupation. On remand, the ALJ shall properly evaluate Dr. Calvin's opinion, providing the specific weight he is giving the opinion, and identifying supporting or conflicting evidence in the medical record that would justify adopting or rejecting the opinion. The ALJ shall also modify his RFC findings and his hypothetical questioning of the vocational expert, if necessary, to reflect the results of his new analysis.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to

the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 20th day of July, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE